# Exhibit "A"

STATE OF MINNESOTA                                           DISTRICT COURT

COUNTY OF RAMSEY                                          SECOND JUDICIAL DISTRICT

---

Carrie Mugrdechian,                                          Court File No. _____

    Plaintiff,

v.                                                                          **SUMMONS**

PharMerica Corp. d/b/a/ PharMerica Drug
Systems, LLC,
    Defendant.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT PharMerica Corp. d/b/a/ PharMerica Drug Systems, LLC:

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a **written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    BAILLON THOME JOZWIAK & WANTA LLP
    100 South Fifth Street, Suite 1200
    Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

1

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 10, 2022

                                              *[signature]*
                                              Shawn J. Wanta
                                              Bar No. 0389164
                                              Nicholas P. DeMaris
                                              Bar No. 0402896
                                              *Attorneys for Plaintiff*
                                              BAILLON THOME JOZWIAK & WANTA LLP
                                              100 South Fifth Street, Suite 1200
                                              Minneapolis, MN 55402
                                              Telephone: (612) 252-3570
                                              sjwanta@baillonthome.com
                                              npdemaris@baillonthome.com

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Carrie Mugrdechian,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PharMerica Corp. d/b/a/ PharMerica Drug Systems, LLC<br>　　　　　Defendant. | Court File No. _____<br>Judge: _____<br><br>Case type: Employment<br><br>**COMPLAINT AND<br>JURY DEMAND** |

　　　　The Plaintiff, Carrie Mugrdechian, for her Complaint against Defendant, states and alleges as follows:

## INTRODUCTION

　　　　1.　　Plaintiff alleges discrimination in violation of the Minnesota Medical Cannabis Therapeutic Research Act ("TRA"), Minn. Stat. § 152.32, *et seq.*; violations of the Minnesota Drug & Alcohol Testing in the Workplace Act ("DATWA"), Minn. Stat. § 181.950, *et seq.*; and discrimination in violation of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.08.

　　　　2.　　Plaintiff alleges that Defendant violated the TRA's anti-discrimination provision when it terminated her employment because of her status on Minnesota's medical cannabis registry.

　　　　3.　　Plaintiff also alleges that this termination violated the MHRA's prohibition on discriminating against individuals with disabilities who are prescribed medical cannabis for the treatment of those disabilities.

　　　　4.　　Finally, Plaintiff alleges that Defendant violated several provisions of DATWA in the process of hiring, drug testing, and subsequently terminating her employment.

1

5. Plaintiff seeks compensatory, emotional distress, and punitive damages based on Defendant's violations. Plaintiff also seeks her attorneys' fees and costs based on Defendant's knowing and/or reckless violation of the MHRA and DATWA.

## PARTIES, JURISDICTION & VENUE

6. Plaintiff Carrie Mugrdechian is a natural person who resides in the City of White Bear Lake, County of Ramsey, State of Minnesota.

7. Defendant PharMerica Drug Systems, LLC is a Delaware limited liability company licensed to do business in Minnesota.

8. Upon information and belief, PharMerica Drug Systems, LLC is a wholly owned subsidiary of PharMerica Corporation, a Delaware corporation headquartered in Louisville, Kentucky.

9. Defendant's registered office in the State of Minnesota is 2345 Rice Street, Suite 230, Roseville, Minnesota 55113.

10. At all times relevant to this action, Plaintiff and Defendant were "employee" and "employer," respectively, within the meaning of Minn. Stat. § 181.931.

11. The acts alleged in this Complaint fall within the general subject matter jurisdiction of this Court, because all causes of action arise under Minnesota law.

12. The court has personal jurisdiction over the parties because Plaintiff maintains a residence in Minnesota, Defendant maintains a place of business in Minnesota, and the events giving rise to this action occurred in Minnesota.

13. Venue is proper in the County of Ramsey pursuant to Minn. Stat. § 542.09. Defendant resides in the County of Ramsey, State of Minnesota, Plaintiff worked for Defendant

in the County of Ramsey, State of Minnesota, and the unlawful acts alleged herein occurred in the County of Ramsey, State of Minnesota.

## FACTS

14. Plaintiff was hired by Defendant as a Pharmacy Order Entry Technician on or about December 13, 2021, with a tentative start date of December 27 and an hourly pay rate of $20.05.

15. On or about December 21, Defendant required Plaintiff to submit to a drug screening.

16. On or about December 22, Plaintiff completed the necessary onboarding procedures in order to be able to start her new position.

17. On or about December 23, Jeanne Mulhall, Defendant's Director of talent acquisition, informed Plaintiff that she was "all set to start" in her new position and would be receiving further instructions from HR for her first day.

18. The physician who performed the drug screening informed Plaintiff that she had tested positive for THC.

19. Plaintiff then confirmed to this individual that she had a legal prescription for medical cannabis and is a participant in Minnesota's Medical Cannabis Registry.

20. The tester informed Plaintiff that he had to disclose the results of the test to Defendant.

21. Plaintiff worked for Defendant for approximately a week after submitting to this drug screening.

22. On or about January 4, 2022, Blair Miller, the Pharmacist in Charge of Defendant's Fridley, Minnesota location, terminated Plaintiff's employment because she did not unequivocally "pass" the drug test.

3

23. Defendant did not permit Plaintiff to explain the positive test result, nor did Defendant make any effort to accommodate Plaintiff's status as a participant in the Minnesota medical cannabis registry.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE MINNESOTA MEDICAL CANNABIS THERAPEUTIC RESEARCH ACT

Plaintiff re-alleges all preceding paragraphs of this Complaint.

24. Defendant violated the Minnesota Medical Cannabis Therapeutic Research Act ("TRA").

25. The TRA prohibits discrimination because of "the person's status as a patient enrolled in" Minnesota's medical cannabis registry or because of "a patient's positive drug test for cannabis components or metabolites." Minn. Stat. § 152.32, subd. 3(c).

26. This statute provides that "[t]here is a presumption that a patient enrolled in the registry program…is engaged in the authorized used of medical cannabis." *Id.* at § 152.32, subd. 1(a).

27. Defendant has a policy of denying employment to anyone who has tested positive for cannabis.

28. Defendant violated the TRA by discriminating against Plaintiff when it terminated her employment based on her participation in Minnesota's cannabis registry program.

29. The TRA's prohibition on discrimination against individuals because of their enrollment in the registry or because of a positive cannabis drug screening is enforced through the MHRA's prohibition of disability discrimination.

30. As a direct and proximate result of Defendant's conduct, Plaintiff suffered, and will continue to suffer from emotional distress, humiliation, pain and suffering, loss of reputation, loss of wages and benefits, and other damages.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges all preceding paragraphs of this Complaint.

31. The Minnesota Human Rights Act ("MHRA") prohibits employer from discharging or otherwise discriminating against employees "because of...disability..." Minn. Stat. § 363A.08, subd. 2.

32. Defendant's drug policy prohibits the use of cannabis, even for medical purposes.

33. This policy violates the MHRA because it broadly limits treatment options for individuals' disability and bypasses the necessary interactive process for accommodating disabilities.

34. Further, this policy has the effect of denying employment to individuals for whom medical cannabis has been prescribed as a treatment for their disabilities.

35. Defendant also violated the MHRA when it denied Plaintiff employment based on their prescribed use of medical cannabis to treat qualifying conditions.

36. The MHRA provides for damages up to three times actual wage and benefit losses and emotional distress damages. Minn. Stat. § 363A.29, subd. 4.

37. The MHRA also provides for reasonable attorney's fees. Minn. Stat. § 363A.29, subd. 4.

38. Defendant's acts and/or omissions were performed with malice and/or reckless disregard for Plaintiff's rights.

39. As a direct and proximate result of Defendant's conduct, Plaintiff suffered, and will continue to suffer from emotional distress, humiliation, pain and suffering, loss of reputation, loss of wages and benefits, and other damages.

5

## COUNT III
## VIOLATIONS OF THE MINNESOTA DRUG AND ALCOHOL TESTING IN THE WORKPLACE ACT

Plaintiff re-alleges all preceding paragraphs of this Complaint

40. Defendant violated the Minnesota Drug and Alcohol Testing in the Workplace Act ("DATWA") because (1) its drug testing policy lacked statutorily required information; (2) it failed to inform Plaintiff of her right to explain a positive drug test; (3) it failed to inform Plaintiff of her right to request and receive a copy of the test result report; (4) it failed to inform Plaintiff of her right to obtain a re-test; (5) it failed to notify Plaintiff of the results of her drug test within three working days; and (6) it terminated Plaintiff's employment without performing a confirmatory retest.

41. DATWA requires that an employer's drug and alcohol testing policy provide, among other things, the following information: "the right of an employee or job applicant to explain a positive test result on a confirmatory test or request and pay for a confirmatory retest; and...any other appeal procedures available." Minn. Stat. § 181.952, subd. 1.

42. Defendant violated the statute because its drug testing policy did not contain the required information.

43. DATWA requires that employers provide employees who receive a positive drug test with "written notice of the right to explain the positive test." Minn. Stat. §181.953, subd. 6(b).

44. Defendant did not provide Plaintiff with written notice of her right to explain the result of the test in violation of the statute.

45. DATWA requires that within three working days of receiving the test result the employer provide the employee with written notice of her right to request and receive a copy of the test result report. Minn. Stat. § 181.953, subds. 7 & 8.

6

46. Defendant failed to provide Plaintiff with written notice of her right to request and receive a copy of the test result report within three working days of its receipt of the test result.

47. DATWA requires that within three working days of receiving a positive test result, the employer provide written notice of the employee's right to request a confirmatory retest at the employee's expense. Minn. Stat. § 181.953, subds. 7 & 8.

48. Again, Defendant failed to provide Plaintiff with written notice of her right to request a confirmatory retest.

49. DATWA requires that the employer provide the employee with written notice of the drug test results within three working days. Minn. Stat. § 181.953, subd. 7.

50. Plaintiff submitted to the drug screening on December 22 and did not receive notice from Defendant of the results until January 4, well outside the statutorily mandated three days.

51. DATWA provides that "[a]n employer may not discharge, discipline, discriminate against, or request or require rehabilitation of an employee on the basis of a positive test result from an initial screening test that has not been verified by a confirmatory test." Minn. Stat. § 181.953, subd. (10).

52. Defendant terminated Plaintiff's employment because of a positive result from the December 22 test without performing a confirmatory retest, in violation of the statute.

53. Defendant's acts and/or omissions were performed with malice and/or reckless disregard for Plaintiff's rights.

54. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer from emotional distress, humiliation, pain and suffering, loss of reputation, loss of wages and benefits, and other serious damages.

7

## **PRAYER FOR RELIEF**

Therefore, Plaintiff requests that judgment be entered against Defendant for the following:

a. Declaring that Defendant's acts or omissions described in this Complaint constitute violations of the applicable laws which protect Plaintiff;

b. Enjoining Defendant and its employees, officers, directors, agents, successors, assignees, affiliates, merged or acquired predecessors, parent or controlling entities, subsidiaries and all other persons acting in concert or participation with it, from its unlawful acts;

c. Requiring Defendant to make Plaintiff whole for its adverse, retaliatory, and discriminatory actions with compensatory damages and with interest of an appropriate inflation factor;

d. Awarding Plaintiff front pay and the monetary value of any employment benefits to which she would have been entitled as an employee of Defendant;

e. Awarding Plaintiff compensatory damages in an amount to be established at trial

f. Awarding Plaintiff attorneys' fees, costs, and disbursements pursuant to statute; and

g. Granting other and further relief as the Court deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Dated: May 10, 2022

*(signature)*
Shawn J. Wanta
Bar No. 0389164
Nicholas P. DeMaris
Bar No. 0402896
*Attorneys for Plaintiff*
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
sjwanta@baillonthome.com
npdemaris@baillonthome.com

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: May 10, 2022

*(signature)*
Nicholas P. DeMaris